Hall v. Glessner.

---

HALL v. GLESSNER *et al.*; SELDEN *et al.*, *Interpleaders, Appellants.*

1.  The Evidence in this case examined and *held* to support the finding of the trial court that the money for which certain notes in suit were given was loaned the defendant firm by the plaintiff in his individual capacity and not by the latter and his brother as partners constituting a business association.

2.  Partnership: SPECIAL PARTNER: CONTRIBUTION TO PARTNERSHIP FUND. A contribution to a limited partnership by a special member of it in the form of a check of another firm composed of such contributor and his brother will not have the effect to constitute the brother a member of the limited partnership.

3.　**Preference of Partnership Creditor:** ATTACHMENT: STATUTE. A preference secured by an individual creditor of a partnership by virtue of adverse proceedings against it under the attachment law is not in violation of Revised Statutes, section 3410, providing that "no sale, transfer or change of property or effects of the firm, or any member thereof, made for the purpose of giving a preference or priority to one over others of his or its creditors, shall be valid against its creditors, if made when he or the firm is insolvent, or in contemplation of insolvency," notwithstanding the partner of such creditor is a limited partner of the indebted partnership.

*Appeal from Clay Circuit Court.*—HON. D. C. ALLEN, Special Judge.

AFFIRMED.

*Botsford & Williams* and *Lathrop, Smith & Morrow* for appellants.

(1) The twenty-five hundred dollars' cash contributed to the co-partnership of Glessner & Ross, in the name of William M. Hall as special partner, having been, in fact, made by Hall Brothers, composed of said William and respondent, out of the money and assets of that firm, said firm of Hall Brothers became thereby and were the real parties and partners in interest in said partnership in the name of William M. Hall; and the advances made to said partnership of the money and property of Hall Brothers, and the rent of their building, constituted the sole consideration of the notes taken from said co-partnership of Glessner & Ross in the name of Nathan J. Hall; and these notes became and were the property of said firm of Hall Brothers; and the said co-partnership of Glessner & Ross being insolvent, appellants, as the creditors of said co-partnership, were entitled to priority of lien and payment of their judgment, as against the indebtedness of Glessner & Ross to Hall Brothers, represented by these notes and the lien of the attachment on the partnership property therefor in favor of Nathan J. Hall. R. S. 1879, sec.

3409; *Jaffe v. Krum*, 88 Mo. 669; *Coffin's Appeal*, 106 Pa. St. 280.   (2) The court erred in sustaining the priority of respondent's attachment and not retaining the interplea, and ordering the satisfaction of appellants' judgments therein mentioned out of the proceeds. R. S. 1879, sec. 3410; *Batchelder v. Altheimer*, 10 Mo. App. 183, and cases cited; *Jackson v. Sheldon*, 10 Abbott Pr. (N. Y.) 127.   The share of said William M. Hall in said indebtedness should have been retained by court out of the proceeds of the property attached until appellants' judgments were satisfied out of such proceeds to the extent of an equal one-half of such proceeds. R. S. 1879, sec. 3409; *McArthur v. Chase*, 13 Gratt. (Va.) 683.   (3) The court erred in dismissing appellants' interplea as creditors of said insolvent firm seeking payment out of said proceeds.   *Batchelder v. Altheimer*, 10 Mo. App. 183, and cases cited.

*Wash. Adams* and *F. L. Wilkinson* for respondent.

(1) The evidence abundantly shows that the premises sought to be established by counsel for appellants upon which to base their claim were merely imaginary, and without foundation in fact.   The written agreement between Glessner & Ross and William Hall, executed as early as March 10, 1883, proves conclusively that neither Nathan J. Hall nor Hall Bros., but William M. Hall, and none other, was the special partner. (2) Partnership is a matter of contract and a man cannot be made a partner against his will, by accident, mistake, or mere conclusion of others.   He must agree to be a partner or hold himself out as a partner to those who have trusted him as such.   *Freeman v. Bloomfield*, 43 Mo. 391; Pollock's Principles of Contract [2 Ed.] p. 188.   (3) A creditor of a limited partnership may secure a valid lien by attachment upon the firm assets.   *Bank v. Treadwell*, 34 Barb. 561; *Van Alstyne v. Cook*, 25 N. Y. 489.

BARCLAY, J.—The plaintiff, Nathan J. Hall,. brought an action by attachment on certain notes against defendants, Glessner & Ross. After the plea of the latter in abatement had been tried and had failed, Selden and others, who, meanwhile, had obtained judg-ments against Glessner & Ross by confession, levied executions on the property which plaintiff's attach-ment held, and then filed interpleas in the plaintiff's action praying the circuit court to postpone the lien of his attachment to that of the executions mentioned. After a full hearing on 'the merits, the trial court denied the relief asked by the interpleading creditors, found for plaintiff and gave judgment accordingly. The inter-pleaders then appealed in due form. The other essential facts of the case appear in the opinion.

I.    In the view we take of the merits it will not be necessary to consider various questions regarding the form of the proceedings which counsel have discussed. We pass them and deal at once with the substance of the controversy.

Nathan J. Hall, plaintiff, and his brother William M. Hall, as partners under the name of Hall Brothers, leased a building in Kansas City in 1883, to Glessner & Ross, defendants, who occupied it, until their failure, as a candy and cracker store and manufactory. When the lease was made William M. Hall became a special partner in the firm of Glessner & Ross by formal articles under the statute governing limited partnerships. R. S. 1879, ch. 57 ; R. S. 1889, ch. 123.

Afterwards funds to a large amount were loaned, at various dates, to Glessner & Ross in circumstances which give rise to the litigation now before us. Plain-tiff claims that these loans were made by him individu-ally, and they form the basis of his cause of action. The interpleaders assert that they were made by the firm of Hall Brothers and not by plaintiff alone.

This issue is the most important one in the case, for it is obvious that plaintiff's rights would be materially different from what he claims if the interpleaders' assertion were established, having in view section 3409 (R. S. 1879), which declares that, "if the partnership become insolvent, no special partner shall be paid as a creditor of the firm, or receive the benefit of any lien in his favor as such, until the other creditors of the firm are satisfied."

Without going into every detail of the evidence on this point, and assuming (though not, however, deciding) that this issue, which the trial court found for plaintiff, is open for review here on the facts, it may be stated that the most material testimony supporting the theory of the interpleaders is that the funds in question were actually transferred to Glessner & Ross by means of checks of the firm of Hall Brothers and that the money thus borrowed stood on the books of Glessner & Ross to the credit of Hall Brothers in the account of the latter, until shortly before the attachment when the account was changed into the name of Nathan J. Hall and the notes to him, as sued upon, were executed. Some of these notes were antedated.

Plaintiff in explanation showed that under the terms of partnership of Hall Brothers either partner had, and each often exercised, the right to check out partnership money for individual use, subject to ultimate settlement ; that the loans mentioned were so made by Nathan J. Hall with checks of Hall Brothers; that William M. Hall had no interest (other than as limited partner of Glessner & Ross) in the money loaned ; that the entry of the items to the credit of Hall Brothers on the books of Glessner & Ross was ascribable to an error of the latter's book-keeper which was corrected when the notes in suit were made ; and that the antedating was done to conform to agreements between the parties regarding the dates from which interest should run on the several items of loan.

It does not seem necessary to further particularize the testimony on this subject. Even treating the issue as one in equity we should not feel at liberty to disturb the finding of the trial court on the record before us. There is no apparent preponderance of probability in the evidence against that finding. Some of the facts, exhibiting plaintiff's dealings regarding these loans may, at first glance, bear a suspicious appearance but the explanation given of them is reasonable and natural. We see no reason to discredit it or to reverse the ruling thereon of the trial judge who had the advantage of gathering the materials for estimating its credibility from the living witnesses before him at the trial.

II.    The fact that the contribution by William M. Hall, as special partner, to the limited partnership of Glessner & Ross took the form of a check of Hall Brothers did not constitute Nathan J. Hall a member of the firm of Glessner & Ross. The undisputed evidence of the agreement and practice of the Hall Brothers regarding the use of firm funds for individual purposes when needed (subject to adjustment at periodical settlements) explained the use of that check, and there was other evidence sufficient to establish that the contribution, whatever its form, was in fact that of William.

III.    The interpleaders next contend that the transaction already described, culminating in the attachment, amounted in effect to a violation of section 3410, Revised Statutes, 1879, which declares that "no sale, transfer or change of the property or effects of the firm, or any member thereof, made for the purpose of giving a preference or priority to one over others of his or its creditors, shall be valid against its creditors, if made when he or the firm is insolvent, or in contemplation of insolvency."

There is obviously little force in that contention if it be once conceded that Nathan J. Hall was the sole creditor in the dealings which form the subject of this

action.  That fact has been established as already shown, and, indeed, without it, his case would fail at several points.  Whatever preference Nathan J. Hall secured was not by any "sale, transfer or change of the property or effects of the firm" by Glessner & Ross, or any member thereof, but by virtue of adverse proceedings against them in this action under the attachment law.  It is not charged or intimated that the attachment was collusive.  It was actively resisted by Glessner & Ross upon their plea in abatement until a judgment thereon sustained the plaintiff's lien.

The object of the section last quoted is not to preclude creditors of a limited partnership from reaping the benefits of diligence in enforcing their just claims against it, but to prevent preferences from being secured by the voluntary or collusive acts mentioned· of the insolvent firm or its members.

No other assignments of error seem to call for remark.

With the concurrence of all the members of the court, the judgment is affirmed.